The People of the State of New York ex rel. Henry Bradley
*v.* The Board of Supervisors of Essex County.

*Boards of supervisors — decision as to a contested seat, after an adjudication by the courts — when reviewable by certiorari.*

When the question which settles the right of a claimant to the office of supervisor of a town has been substantially passed upon in his favor by the Court of Appeals, and he has received the certificate of election and has qualified and has been awarded by the courts, as acting supervisor, the custody of the books in the possession of his predecessor, the county board of supervisors has no power to determine a contest as to his seat, and exclude him therefrom, and its illegal action in so doing will be set aside on certiorari.

Certiorari, issued out of the Supreme Court at General Term in the third department on the 2d day of December, 1892, to review

the action and proceedings of the board of supervisors of Essex county, taken and had on November 15, 1892, whereby said board assumed to pass upon the election and qualification of the relator to the office of supervisor of the town of Minerva in said county, and his right to a seat in said board as the supervisor representing said town, and denied him recognition therein, seating one William H. Sullivan, and giving him recognition as the supervisor of said town.

*John Foley*, for the appellant.

*Robert Dornburgh*, for the respondent.

MAYHAM, P. J. :

The questions in this matter have been before the courts in various forms, and have all been determined in favor of the relator.

The legality of the votes by which he was declared elected has been determined by the Court of Appeals,[*] and pursuant to the decision of that court the disputed ballots were ordered counted, and upon such count the relator has been declared elected supervisor of the town of Minerva, Essex county.

The record on this certiorari shows that after receiving his certificate of election, he duly qualified, filed his bond and oath of office, and demanded of his predecessor the possession of the books and papers pertaining to his office, which was refused. That upon application to the court after the due hearing of the parties interested, the court awarded him the custody of said books, etc., as the acting supervisor of said town.

We are clearly of the opinion that the question which settled the right of the relator to this office was substantially passed upon by the Court of Appeals and that the board of supervisors had no power under the provisions of subdivision 1 of section 7 of chapter 482 of the Laws of 1875, if that law had not been repealed, to determine any contest between the relator and Sullivan, who was seated by the action of the board. But chapter 482 of the Laws of 1875 was, on the 18th of May, 1892,[†] in all things repealed, and could not, therefore, furnish any legal authority for the action of

[*] *People ex rel. Bradley* v. *Shaw et al., Comprising the Board of Canvassers of the Town of Minerva* (133 N. Y. 493). — [REPORTER.

[†] Session Laws of 1892, ch. 686, vol. 2, page 1798.—[REPORTER.

the board of supervisors on the 15th day of November, 1892, when the board assumed to exclude the relator and seat Sullivan as a supervisor of that town.

We are, therefore, of the opinion that the action of the board of supervisors in seating Sullivan and excluding the relator was illegal and should be set aside and reversed, with fifty dollars costs and disbursements to the relator.

Let an order be entered accordingly.

PUTNAM and HERRICK, JJ., concurred.

Action of supervisors reversed and judgment on certiorari ordered for relator, with fifty dollars costs and disbursements.